Hon. Andrew J. Gilday Corporation Counsel, Kingston
This is in response to your letter asking whether it is permissible for a police officer employed by the City of Kingston to work in an outside job ("moonlight") in full uniform of the City of Kingston Police Department, and further, if so, whether the city could be held responsible for an officer's actions in relation to an arrest made during off-duty hours.
Section 208-d of the General Municipal Law provides:
 "Notwithstanding the provisions of any general, special or local law or any rule or regulation of any police department or commissioner or head thereof, any member of a police force of a city may engage in extra work for another employer outside his regular hours of duty for not exceeding twenty hours a week provided that such extra work does not interfere or conflict with his regular duties as a member of the force or his availability for emergency duty nor affect his physical condition to the extent that it impairs his ability to efficiently perform such duties and further provided that the type of employment shall first be approved by the appropriate police department or police commissioner."
Our research does not disclose any specific statutory reference to the use of police uniforms in outside employment. The Legislature intended the area of outside employment to be a matter of local concern, within certain statutory criteria, by requiring approval of additional work by the appropriate local police authority. See, also, 1967 Atty Gen [Inf Opns] 153. Cf. Alcholic Beverage Control Law, §§ 128, 128-a. In our 1967 opinion, we recognized that a policeman enjoys a unique position in his community and should not undertake any outside work which might detract from his public image and that of the police department as a whole. Any appearance of impropriety or abuse of position should be scrupulously avoided. See, e.g., 1973 Atty Gen [Inf Opns] 193.
If the rules and regulations of the police department or the provisions of the municipal code of ethics required by section 806 of the General Municipal Law do not provide guidance in the resolution of the problem, some consideration might be given to adopting specific standards for the wearing of police uniforms other than during a regular tour of active duty.
As to the question of liability of the city for acts committed by a city policeman while engaged in off-duty employment, we note the following:
 "A police officer when off duty is still an officer and a policeman, having the authority, if not indeed the duty, to exercise functions pertaining to his office in appropriate circumstances, without regard to departmental rules relating to hours.
 "Under the general rule of municipal immunity for tortious conduct of policemen noticed above, the extent of the officer's authority, or the scope of his duties, is immaterial; but where the rule of municipal immunity is not in effect, the municipality, under the doctrine of respondeat superior, may be responsible for the acts of a police officer notwithstanding he is at the time of the act or acts off duty. This does not mean that every act of the officer while not on duty is an official act of the municipality." (18 McQuillin, Municipal Corporations, § 53.80 b, p 343)
Among cases cited as authority for the preceding statement is Burns v NewYork, 6 A.D.2d 30 (1st Dept, 1958). Tort liability of a city continues when an officer is off duty and a city may, in a proper case, be held liable for a policeman's tortious conduct while off duty.
In summary, it is our opinion that, unless prohibited by the rules and regulations of the Kingston Police Department or the municipal code of ethics, a police officer may, with the approval of the police chief, wear his police uniform while engaged in off-duty employment, and that the City of Kingston may, in a proper case, be held liable for a policeman's tortious conduct while off duty.